UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| PHILIP FERRECCHIA,<br><br>     Plaintiff<br><br>v.<br><br>K.L.S. CONCRETE, Incorporated, and KRYSTAL FRIAS<br><br>     Defendants | CIVIL ACTION NO.: 1:19-cv-11363 |

**COMPLAINT AND JURY DEMAND**

## I.      INTRODUCTION

Plaintiff Philip Ferrecchia ("Mr. Ferrecchia" or "Plaintiff") brings this action for damages against K.L.S. Concrete, Inc. ("Company") along with the Company's President, Secretary, Treasurer, and Director Krystal Frias ("Ms. Frias") (collectively referred to herein as "Defendants"), asserting claims for failure to pay wages and overtime.

## II.     JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims arising under federal law.

2. In addition, this Court has pendent jurisdiction over Plaintiff's claims arising under Massachusetts law.

3. This Court has personal jurisdiction over the parties because the Company is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and, during all relevant times hereto, operated in Middlesex County.

4. Further, and upon information and belief, this Court has personal jurisdiction over the individual defendant because she is an adult resident of Massachusetts.

5. In addition, Plaintiff is an adult resident of Middlesex County.

6. Further, company employed Plaintiff during all relevant times hereto.

7. The venue of this action is proper in the Eastern Division of the District of Massachusetts because this is where the corporate defendant operates.

8. Venue is also proper because most, if not all, of the wrongful acts complained of against Defendants occurred in Middlesex County.

### III.   THE PARTIES

9. Plaintiff is a former employee of the Company and may be contacted through the undersigned counsel.

10. The Company is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal office at 120 Central Street, Suite 2, Hudson, MA 01749.

11. The Company conducts business in Middlesex County and throughout the Commonwealth.

12. Upon information and belief, Defendant Krystal Frias ("Ms. Frias") is the President, Secretary, Treasurer, and Director of the Company.

### IV.   STATEMENT OF FACTS

13. Mr. Ferrecchia began working for the Company in or around June of 2016.

14. The Company is in the business of concrete construction, placement, and finishing.

15. The Company agreed that Mr. Ferrecchia would be paid for his work.

16. This included Mr. Ferrecchia being paid hourly for all of his hours worked.

17. The agreed-upon hourly rate for non-prevailing wage work was initially $29.00.

18. In or around April of 2017, Mr. Ferrecchia was promoted to Labor Foreman.

19. Upon being promoted, the agreed-upon hourly rate was raised to $34.00. This remained Mr. Ferrecchia's rate for non-prevailing wage work up until the time of his departure from the Company.

20. However, the Company regularly required Mr. Ferrecchia to work without getting compensated his hourly rate.

21. During his employment, Mr. Ferrecchia reported directly to Armindo Frias.

22. Mr. Frias had control over significant aspects of the Company's day to day functions, including compensation of employees.

23. Mr. Frias required employees, including Mr. Ferrecchia, to arrive at the Company's facility in Hudson at least two hours before they started getting paid.

24. On most days, Mr. Ferrecchia arrived at the Hudson location by at least 5:00 a.m. and would begin preparing for the day's job site requirements and/or perform tasks requested by Mr. Frias.

25. However, Mr. Ferrechia was not compensated for time spent at the warehouse and only began to be compensated when he arrived at the day's job site.

26. Mr. Ferrecchia regularly worked approximately two hours every morning without receiving any hourly compensation.

27. In addition, at the end of each day, the Company regularly required Mr. Ferrecchia to return to its Hudson facility before Mr. Ferrecchia could go home.

28. Mr. Ferrecchia was not compensated for his travel time back to the Company's facility.

29. In addition, upon returning to the facility, Mr. Frias regularly asked Mr. Ferrecchia to perform additional work – what he referred to as "favors" – on behalf of the Company which required Mr. Ferrecchia to spend more time at work.

30. The Company did not compensate Mr. Ferrecchia for the additional time spent performing these "favors" at the facility.

31. Mr. Ferrecchia was regularly compensated beginning around 7:00 a.m. until the time that the Company's workers were packed up and ready to leave the day's job site.

32. In addition, because the Company failed to include Mr. Ferrecchia's travel time and/or time spent performing tasks on behalf of the Company, Mr. Ferrecchia regularly worked over forty hours per week.

33. The Company did not compensate Mr. Ferrecchia at a rate equal to at least one and a half of his regular rate for hours in excess of 40 per week.

34. Moreover, on more than one occasion, the Company improperly classified Mr. Ferrecchia and compensated him at two different prevailing wage rates – at a lower wage rate for laborers for half of the day and then at a proper classification with a higher rate for the other half.

35. The Company did this even when Mr. Ferrecchia should have properly been compensated at the higher rate for the entire day in order to comport with the Massachusetts prevailing wage rates for government construction.

36. This means the Company paid Mr. Ferrecchia lower than minimum wage for the misclassified half of the day for this prevailing wage work.

37. There were numerous instances when the Company failed to pay him in a timely manner and/or paid him at a reduced rate than what had previously been agreed upon.

38. Mr. Ferrecchia was not provided an opportunity to take a half hour lunch, and he was not asked to sign a waiver indicating that he was choosing not to take his break as required by law.

39. At this time, Mr. Ferrecchia does not have access to the information and records necessary to determine the exact value of wages and benefits he should have received as an employee of the Company, but did not.

40. However, Mr. Ferrecchia estimates that the Company significantly shorted him his wages.

41. Defendants intentionally deprived Mr. Ferrecchia of his wages and overtime through the Company's workplace practices and/or policies.

42. On or about September 19, 2018, Mr. Ferrecchia filed a Non-Payment of Wage and Workplace Complaint Form with the Massachusetts Attorney General's Office so that the Attorney General's Office may investigate and/or prosecute Defendants violations of Massachusetts wage and hour laws.[1]

43. All procedural prerequisites have been met or waived with regard to the claims being brought herein.

### V.  LEGAL CLAIMS

**COUNT I – OVERTIME VIOLATIONS**
**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207 *et seq.*)**
**(Against All Defendants)**

44. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

---

[1] A copy of Mr. Ferrecchia's private right of action letter from the Massachusetts Attorney General's Office is attached hereto as Exhibit 1.

45. The Company employed Plaintiff for workweeks longer than forty hours.

46. During the weeks where Plaintiff worked more than forty hours, the Company did not compensate Mr. Ferrecchia at a rate equal to at least one and a half of his regular rate for hours in excess of forty per week as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et seq.*

47. Ms. Frias is the President, Secretary, Treasurer, and Director of the Company.

48. Pursuant to the FLSA, Ms. Frias is liable in her individual capacity for the Company's wage law violations.

49. Defendants committed these violations knowingly, willingly, and repeatedly.

50. Mr. Ferrecchia has suffered damages due to Defendants' actions.

**COUNT II – OVERTIME VIOLATIONS**
**(Mass. Gen. Laws, c. 151, § 1A *et seq.*)**
**(Against All Defendants)**

51. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

52. The Company employed Plaintiff for workweeks longer than forty hours.

53. During the weeks where Plaintiff worked more than forty hours, the Company did not compensate Mr. Ferrecchia at a rate equal to at least one and a half of his regular rate for hours in excess of forty per week as required by Mass. Gen. Laws, c. 151 § 1A *et seq*.

54. Ms. Frias, as the President, Secretary, Treasurer, and Director of the Company, is liable in her individual capacity for the Company's wage law violations.

55. Defendants committed these violations knowingly, willingly, and repeatedly.

56. Mr. Ferrecchia has suffered damages due to Defendants' actions.

## COUNT III – FAILURE TO PAY WAGES
### (Mass. Gen. Laws, c. 149, §§ 100-101, 148, 150)
### (Against All Defendants)

57. Plaintiff re-alleges the factual allegations in the paragraph above as if repeated herein.

58. The Company failed to pay Mr. Ferrecchia for all the hours he was scheduled to work in violation of Mass. Gen. Laws, c. 149 §§ 148 and 150.

59. Further, travel time required by the employer from one place to another after the beginning of or before the close of the workday is generally compensable in Massachusetts.

60. Mr. Frias required employees, including Mr. Ferrecchia, to arrive at the Company's facility in Hudson at least two hours before they started getting paid.

61. In addition, at the end of each day, the Company regularly required Mr. Ferrecchia to return to its Hudson facility before Mr. Ferrecchia could go home.

62. Mr. Ferrecchia was not compensated for his travel time back to the Company's facility.

63. In addition, upon returning to the facility, Mr. Frias regularly asked Mr. Ferrecchia to perform "favors" on behalf of the Company which required Mr. Ferrecchia to spend more time at work.

64. The Company did not compensate Mr. Ferrecchia for performing these "favors."

65. Further, meal time is generally compensable in Massachusetts unless the employer provides at least thirty (30) minutes of uninterrupted time.

66. This means that the employee must be relieved of all duties and that the employee is free to leave his workstation.

67.     The Company did not afford Mr. Ferrecchia a meal break in violation of Mass. Gen. Laws, c. 149, §§ 100-101, nor pay him for this time spent working.

68.     Ms. Frias, as the President, Secretary, Treasurer, and Director of the Company, is liable in her individual capacity for the Company's wage law violations.

69.     Defendants committed these violations knowingly, willingly, and repeatedly.

70.     Mr. Ferrecchia has suffered damages due to Defendants' actions.

### COUNT IV – BREACH OF CONTRACT
### (Against Company)

71.     Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

72.     The Company agreed that Mr. Ferrecchia would be paid for his services.

73.     This included being paid hourly for all of his hours worked.

74.     Mr. Ferrecchia performed his obligations under the parties' agreement.

75.     The Company breached its contract with Mr. Ferrechia by not paying him the full amount owed for his time worked.

76.     Mr. Ferrecchia has suffered damages due to the Company's breach of contract.

### COUNT V - BREACH OF THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING
### (Against Company)

77.     Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

78.     The Company agreed that Mr. Ferrecchia would be paid for his services.

79.     This included being hourly for all of his hours worked.

80.     Mr. Ferrecchia performed his obligations under the parties' agreement.

81. The Company did not pay Mr. Ferrecchia the full amount owed for his time worked.

82. Every Massachusetts contract implies a covenant of good faith and fair dealing between the parties to it.

83. The Company breached the implied covenant of good faith and fair dealing by taking actions to destroy or injure Mr. Ferrecchia's rights to the fruits of his agreement with the Company.

84. The Company further breached the implied covenant of good faith and fair dealing by, among other things, knowingly failing to pay Mr. Ferrecchia the full amount for all his services rendered.

85. Mr. Ferrecchia has suffered damages as a result of the Company's failure to allow Mr. Ferrecchia to reap the full benefits of his contract with the Company.

### COUNT VI – UNJUST ENRICHMENT
### (Against All Defendants)

86. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

87. During his employment with Company, the Plaintiff conferred numerous benefits and services upon Defendants for which he was not properly compensated.

88. These services include, but are not limited to, the time Mr. Ferrecchia spent working for the Company for which he was not paid all his wages.

89. Defendants were aware of and appreciated said benefits.

90. Acceptance or retention by Defendants of the benefits under the circumstances would be inequitable without payment for their value.

91. As a direct result of the unjust enrichment by the Defendants as described herein,

Plaintiff has suffered damages.

### COUNT VII – VIOLATION OF THE PREVAILING WAGE ACT
### (Mass. Gen. Laws, c. 149 §§ 26 and 27)
### (Against All Defendants)

92. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

93. During his employment with Company, the Plaintiff performed work as a cement finisher on public projects for which the Company was contracted.

94. Under Mass. Gen. Laws, c. 149 §§ 26 and 27, the Company was required to comport with a schedule provided by the Department of Labor Services that indicates the minimum prevailing wage rates based on job classifications.

95. On more than one occasion, Mr. Ferrecchia was paid at the prevailing wage for laborers; a rate which was lower than pay rate to which he was entitled as a cement finisher.

96. Under Mass. Gen. Laws, c. 149 §§ 26 and 27 Plaintiff was entitled to the higher pay rate for all hours worked as a cement finisher.

97. Defendants were aware of the prevailing wage rates for cement finishers on such projects.

98. Defendants nonetheless misclassified and paid Mr. Ferrecchia as a laborer.

99. The misclassification and payment at a lower prevailing wage rate constitutes a failure to pay minimum wage for the hours during which Mr. Ferrecchia worked as a cement finisher but was paid as a laborer.

100. As a direct result of the improper classification and failure to comport with the proper prevailing wage rate as described herein, Defendants caused Plaintiff to suffer damages.

## **PRAYERS FOR RELIEF**

WHEREFORE, Mr. Ferrecchia requests the following relief:

A. Judgement against Defendants for the injuries caused by Defendants as described above;

B. For treble damages and statutory enhancement of damages as provided by applicable Massachusetts and federal law;

C. For attorneys' fees, interest and costs; and

D. Such other and further relief as this Court deems appropriate.

### VI.     JURY DEMAND

Plaintiff demands a trial by jury of all claims so triable.

Respectfully submitted,
Philip Ferrecchia
By and through his attorneys,

*/s/ Shehzad S. Rajwani*
Shehzad S. Rajwani (BBO # 674442)
Herling Romero (BBO # 703870)
THE HARBOR LAW GROUP
300 West Main Street, Bldg. A, Unit1
Northborough, MA 01532
(508) 393-9244 – Phone
(508) 393-9245 – Fax
srajwani@harborlaw.com
hromero@harborlaw.com

Dated: June 19, 2019